■ The People of the State of New York, Respondent, v Luther Tiki Burden, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered October 27, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of defendant's pretrial motion which sought the suppression of statements and physical evidence seized from him upon his arrest. Judgment reversed, on the law, that branch of defendant's pretrial motion granted, and new trial ordered. At about noon on July 3, 1980, the Guardian National Bank in Hempstead was the target of an armed robbery. Investigation of witnesses' descriptions of one of the two "getaway" vehicles revealed that the car belonged to Luther Burden of 53 Angevine Avenue. At 11:15 a.m. on July 5, 1980, four detectives and four uniformed officers assembled outside the residence at 53 Angevine Avenue. The car that had allegedly been used in the robbery was parked in front of the house. The police had gone to the house purportedly for the mere purpose of making further inquiry to determine the vehicle's connection with the robbery. The four detectives and one uniformed officer approached the front door while the three other officers fanned out to cover the other sides of the house. Revolvers and shotguns were drawn or "at the ready". The police knocked on the door, and a voice inquired, "Who is it?" The response indicated the police were outside, and defendant, clad in short pants and a T-shirt, opened the door. Two detectives immediately realized that the man matched a description given of one of the armed robbers. One detective testified that they "just barged in" and arrested defendant. Officers searched the rest of the house for other suspects but none were found. Defendant dressed and was brought to the police precinct. At the precinct, three five-dollar bills which had been stolen from the bank were found in defendant's wallet. The hearing court held the stolen money and statements given by defendant at the precinct were admissible, reasoning that the initial entry by the police and the arrest of defendant had not been forceful. Probable cause to arrest defendant had not, according to the court, developed until the detectives realized that the man answering the door matched a description of one of the armed robbers. The officers had no arrest or search warrant with them. The People do not seek to justify the entry into defendant's home under the consent or exigent circumstances exceptions to the warrant requirement of the Fourth Amendment (see US Const, 4th Amdt). Having crossed the "firm line" drawn at the entrance of the house (see *Payton v New York,* 445 US 573, 590) without a warrant or the existence of circumstances justifying its absence, we conclude that the arrest of defendant within his home violated his Fourth Amendment guarantees (see *Payton v New York, supra*). Accordingly, the court should have suppressed the fruits of that illegal arrest. Since the judgment must be reversed under these circumstances, we further note the trial court's error, although unpreserved, in failing to give limiting instructions with respect to rebuttal testimony for the purpose of impeachment. The People also candidly concede that a portion of the court's instructions on what constitutes a valid waiver of *Miranda* rights, if correctly transcribed, misstated the law. Mollen, P. J., Lazer, Thompson and Boyers, JJ., concur.